IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBIN SLOAN                                                                                                    PLAINTIFF

vs.                                                                                                       No. 3:03CV110-D-A

BL DEVELOPMENT CORP. d/b/a
GRAND CASINO, TUNICA                                                                              DEFENDANT

ORDER DENYING MOTION FOR RULE 54(B) CERTIFICATION

Presently before the Court is the Plaintiff's motion for Rule 54(b) Certification. Upon due consideration, the Court finds that the motion should be denied.

The Plaintiff's claims of age discrimination and retaliation were tried to a jury in this court beginning on February 7, 2005. On February 10, 2005, the jury returned a verdict in favor of the Plaintiff on the claim of unlawful retaliation; the jury found for the Defendant on the Plaintiff's claims of age discrimination. On April 22, 2005, the court entered an opinion and order granting in part the Defendant's post-trial motion for judgment as a matter of law. In that order, the court, *inter alia*, remitted the Plaintiff's emotional distress award from $300,000 to $15,000; the Plaintiff subsequently declined the remittitur and requested a new trial solely on the issue of emotional distress damages. That trial is currently scheduled for October 17, 2005.

In her present motion, the Plaintiff, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, seeks to have the court enter final judgment as to all matters in this case except the issue of emotional distress damages.

Rule 54(b) provides that the court "may direct entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." Federal courts have held that

certification under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Ebrahimi v. City of Huntsville Bd. Of Educ., 114 F.3d 162, 166 (11th Cir. 1997). In addition, while Rule 54(b) does allow immediate appeal of separate disputes comprised within a larger litigation, it does not allow appeal when damages have been partially but not completely determined, or when the district court will revisit the issues. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L. Ed. 2d 435 (1976).

Here, the Plaintiff has made no showing as to the potential prejudice she will suffer if final judgment as to all claims is delayed until after the scheduled October 17, 2005, trial on emotional distress damages, which will finally conclude this matter. Nor does she make a showing as to how this is an unusual case which justifies the use of Rule 54(b). In any event, it is clear that Rule 54(b) does not permit appeal when damages have not been completely determined, as is the case in this matter. See, e.g., United States ex rel. Davis v. Litalien, 88 Fed. Appx. 778, 779 (5th Cir. 2004); Wells v. Rushing, 755 F.2d 376, 378 (5th Cir. 1985).

THEREFORE, it is hereby ORDERED that Plaintiff's motion for Rule 54(b) Certification (docket entry 172) is DENIED.

SO ORDERED, this the 27th day of June 2005.

/s/ Glen H. Davidson
Chief Judge